**FITZGERALD v UMBAUGH**

Ohio Appeals, 2nd Dist, Clark Co

No 380.   Decided Dec 23, 1937

W. Y. Mahar, Springfield, and W. A. Bilikam, Jr., Springfield, for plaintiff-appellant.

Samuel A. Bowman, Springfield, for defendant-appellee.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined on proceedings in error by virture of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Clark County, Ohio.

Plaintiff's action was one for personal injuries alleged to have been brought about by the defendant through the negligent operation of his automobile. After a trial in the Common Pleas Court, the jury returned a verdict in favor of the defendant. Within the statutory period, motion for new trial was filed, afterwards overruled and judgment entered on the verdict.

This is the final order from which error is prosecuted.

The following brief statement of facts wi'! render understandable the nature of the controversy and the manner in which the claimed errors arose.

Both the plaintiff and the defendant were dentists practicing their profession in separate locations within the city of Springfield, Ohio.

On the evening and night of February 13, 1936, both parties were at the Tecumseh Building in said city working on models preparatory to display during dental health week, to be held shortly thereafter.

The plaintiff completed his work first and was preparing to go home when defendant suggested that he, plaintiff, ride with him since plaintiff did not have his car with him. The streets were icy and slippery. The plaintiff lived on Northern Avenue. Defendant did not know the exact location of plaintiff's home. When in close proximity, plaintiff advised defendant as to the location and in attempting to stop the car skidded drifting slowly into the right curb at or near the driveway to plaintiff's home. Defendant was unable to move his car from the curb on its own power. After several efforts, plaintiff, either at the suggestion of defendant or his own volition, got out of the car and while the same was in reverse gear took hold of the right fender and attempted to assist in pushing the car back. The allegedly negligent action immediately follows and we set out the same in the language of the petition:

"The plaintiff further says that as such automobile was moving away from said curb, as aforesaid, under the combined force of the rapidly running engine and the force applied by this said plaintiff in pushing upon the fender of said automobile, the defendant suddenly and without notice or warning to this plaintiff, applied the emergency brake to said automobile, causing the same to lurch and stop suddenly, thereby violently jerking plaintiff's hands away from said fender on which plaintiff was then pushing and throwing him with great force and violence to the street at said time and place."

The plaintiff suffered a broken hip incapacitating him for a long period of time. He asks damages in the sum of $25,000.00.

Defendant in his answer admitted the chronological evidence set forth in the petition, but denied in toto any and all acts of negligence.

Under a second defense the defendant raised the issue of assumed risk and also averred sole negligence on the part of the plaintiff.

The third defense sought to raise the issue that at the time of plaintiff's injury

he was a guest passenger with defendant. At the close of all the testimony, on motion of plaintiff this third defense was withdrawn from the consideration of the jury.

Plaintiff in his reply denied all new matters set forth in the answer of defendant.

The errors complained of as contained in the assignment of errors are as follows:

"1. The verdict of the jury is manifestly against the weight of the evidence and is contrary to law.

"2. The trial court below erred in his general charge to the jury in the following respects:

"(a) The court charged the jury in regard to plaintiff's alleged contributory negligence without such alleged contributory negligence being either pleaded or introduced by evidence at the trial.

"(b) The court refused the specific request of the plaintiff to charge on the question of automobile mechanics, as expert witnesses.

"(c) The court omitted to instruct the jury in regard to the hypothetical question that the plaintiff propounded to his three automobile mechanical experts.

"3. Over the objection and exception of the plaintiff, the defendant was allowed by the court to cross examine the said plaintiff in regard to receiving a Spanish-American War pension from the United States Government.

"4. The trial court erred in overruling the plaintiff's motion for a new trial."

We will take up and consider these four assignments of error in the above order.

### FIRST ASSIGNMENT OF ERROR

1. The verdict of the jury is manifestly against the weight of the evidence and is contrary to law.

Of course, this assignment of error demands and requires a very full and careful reading of the record. We have complied with this requisite. There were no eye witnesses to the accident other than the plaintiff and the defendant. In addition, plaintiff introduced evidence of statements of the defendant allegedly made shortly after the accident, wherein defendant was credited with saying that the accident was his fault.

Defendant introduced in evidence by stipulation, a statement of plaintiff's office girl. According to this testimony, plaintiff was accredited with saying that his injury was occasioned through slipping and falling.

It was the claim of the defendant that plaintiff and defendant hand abandoned their effort to move the machine and that plaintiff's subsequent fall had no connection whatever with the movement of the automobile. The record presents the usual conflict of testimony. It might even be possible for the jury to accept plaintiff's testimony 100% and yet not find the defendant to be guilty of negligence. The determination of the factual question was for the jury. In addition to their general verdict, they answered the submitted interrogatory, declaring that defendant was not guilty of negligence as alleged in the petition.

Under the state of the record, there can be no question that it is our duty to accept this finding as determined.

### THE SECOND ASSIGNMENT OF ERROR

The second assignment of error complains of the general charge of the court and is subdivided under three headings— A, B, and C.

"A. The court charged the jury in regard to plaintiff's alleged contributory negligence without such alleged contributory negligence being either pleaded or introduced by evidence at the trial."

It is true that the issue of contributory negligence was not raised through the answer of defendant. However, the Supreme Court of Ohio has definitely determined that this issue may be raised either through the pleadings or by the evidence.

We also, in this state, have the accepted principle of law that the trial court must determine, at his peril, whether or not the issue of contributory negligence is present through the evidence. If present, it is error not to charge contributory negligence, if requested to do so. If not present, it is error to charge it unless waived in some manner.

Under the state of the record, it is unnecessary to determine whether or not the trial court erroneously charged on contributory negligence. This is true for two reasons:

(1) The jury in addition to their general verdict, all twelve concurring, answered "No" to the following interrogatory:

"Do you find from a preponderance of the evidence that the defendant, Dr. Umbaugh, suddenly and without notice to the plaintiff, Dr. Fitzgerald, applied the emergency brake to said automobile while the plaintiff was pushing on said automobile causing the same to lurch and stop suddenly and thereby violently jerking plaintiff's hands away from said fender and throwing him with great force and violence to the street?"

(2) The two issue rule would remove any question of prejudicial error even if the jury had not been requested to answer the special interrogatory. The Supreme Court of Ohio has definitely determined that the two issue rule is applicable in negligence actions where the general verdict of the jury may be predicated upon the want of negligence of the defendant or contributory negligence of the plaintiff.

**Knisely v Community Traction Co., 125 Oh St 131.**

The presence of error in the trial of an action is not necessarily a ground for setting a verdict aside. A reviewing court must not only find error but also that such error was prejudicial to the rights of the complaining parties. This is the basis for our previous statement that it is unnecessary to determine whether or not the issue of contributory negligence was presented through the evidence. If so, it would not be prejudicial. Contributory negligence on the part of a plaintiff necessarily assumes actionable negligence on the part of the defendant. The jury having determined through the answer to the special interrogatory, that defendant was not negligent, this at once disposes of the question of contributory negligence. We find no prejudicial error in this part of the court's charge.

"B. The court refused the specific request of the plaintiff to charge on the question of automobile mechanics, as expert witnesses."

We find no place in the record where plaintiff requested the court to charge on the question of automobile mechanics. Furthermore, we have no conception of what counsel has in mind. The court permitted three automobile mechanics, called by plaintiff to testify and thereby the jury would be expected to accept and consider their testimony the same as that of all other witnesses. The court in his general charge did make reference to the mechanics as expert witnesses, the same as similar reference was made to certain physicians as expert witnesses. The observations of the court were correct and we find no error.

"C. The court omitted to instruct the jury in regard to the hypothetical question that the plaintiff propounded to his three automobile mechanical experts."

From an examination of the briefs of counsel for plaintiff and the citation of authorities bearing upon this question, we are inclined to think that counsel is seeking to erroneously apply the rule where opposite counsel seek instructions given to the jury as to the office of a hypothetical question. So far as we are able to find neither side made any request in the instant case. It is obvious that counsel submitting a hypothetical question may not predicate error upon the claim that the court did not limit its scope by instructions to the jury. In the absence of such limitation, the jury would be presumed to give it the broadest application possible. This could not be prejudicial to plaintiff.

**THIRD ASSIGNMENT OF ERROR**

"3. Over the objection and exception of the plaintiff, the defendant was allowed by the court to cross-examine the said plaintiff in regard to receiving a Spanish-American War pension from the United States Government."

We find nothing prejudicial in this inquiry. Counsel for defendant explains as his reasons for the inquiry that he was seeking to show that the application for and receiving of pension was contradictory of plaintiff's testimony as to his general physical condition prior to the alleged accident. The time and nature of the inquiry as disclosed from the record very clearly and positively supports counsel's claim. Plaintiff met his intended inference by answering that all Spanish-American War veterans received pensions. According to his statement, they were not in any sense disability pensions. We think counsel was within his right in making the inquiry and hence there would be no prejudicial error.

**FOURTH ASSIGNMENT OF ERROR**

"4. The trial court erred in overruling the plaintiff's motion for new trial."

This assignment of error, of course, is a recapitulation of all errors heretofore discussed and passed upon.

Finding no prejudicial error, the verdict of the jury and judgment of the trial court will be affirmed and costs taxed against appellant.

Entry may be drawn accordingly.

HORNBECK and GEIGER, JJ, concur.